## HARRIS *v.* HOLMES.

A father of five children divided 500 acres of land among them, giving to each 100 acres, stating at the time that he gave the home place to one of them, who was a minor daughter and not present, and that he was going to live with her. The other 400 acres were valued by him and drawn for by the other four children, he stating that those who got the most valuable lands should pay back enough to the others to equalize the same in value. He made deeds to the land to each of his children. It does not appear that the daughter knew anything about this division, or that she ever made any promise to pay the other children any difference in value between the land she had received and the land which they had received. Hence a verdict in favor of one of the children against her on account of such difference was not warranted by law.

November 27, 1889.

*Assumpsit.* Verdict. Contracts. Before Judge HUTCHINS. Gwinnett superior court. March term, 1889.

Reported in the decision.

C. H. BRAND and W. E. SIMMONS, for plaintiff in error.

L. F. McDONALD and T. M. PEEPLES, by brief, *contra.*

BLANDFORD, Justice.

A judgment was rendered in the justice court in favor of the defendant in error against the plaintiff in error,

and she appealed to the superior court   Upon the hearing of the same, a verdict was rendered against her.   She moved for a new trial, which motion was overruled, and she excepts and says this is error.   It is shown by the record that the father of the plaintiff in error was the owner of 500 acres of land in his lifetime; that he had five children, one of whom was the plaintiff in error, and another the defendant in error; that he divided this land amongst his children, giving, to each one hundred acres of the same, stating at the time that he gave the plaintiff in error the "home place," and that he was going to live with her.   The other four hundred acres were valued by the father, and were put in a hat and drawn for by the other four children, the father stating that those who got the most valuable land should pay back enough to the others to equalize the same in value.   The daughter, the plaintiff in error, was not present at the time this division took place.   She was a minor at the time, and it does not appear that she knew anything about it.   The father made deeds to this land to each of his children, including the plaintiff in error.   It does not appear that she ever made any promise, expressly or by implication, to pay the other children any difference in value between the land which she received and the land which they received.   We cannot see upon what principle the defendant in error could have recovered against the plaintiff in error.   We think, as a matter of law, that the verdict was wrong; and we direct that the judge of the superior court set aside the verdict and the judgment entered thereon, and dismiss the case.

*Judgment reversed.*